**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Silman,<br><br>              Plaintiff,<br><br>v.<br><br>Swift Transportation Company of Arizona LLC,<br><br>              Defendant. | No. CV-23-02624-PHX-DWL<br><br>**ORDER** |

    Pending before the Court are (1) Plaintiff's motion for a preliminary injunction (Doc. 12); and (2) Defendant's motion to compel arbitration (Doc. 25). For the following reasons, the former is denied and the latter is granted.

## RELEVANT BACKGROUND

    On December 15, 2023, Plaintiff, who is proceeding *pro se*, initiated this action by filing a complaint. (Doc. 1.)

    On January 8, 2024, Plaintiff filed his operative pleading, the First Amended Complaint ("FAC"). (Doc. 14.) In the FAC, Plaintiff alleges that he entered into an independent contractor agreement with Swift Transportation Co. of Arizona, LLC ("Defendant") in September 2023, which misclassified him "as an independent contractor and not [an] employee in violation of the Federal Labor Standards Act (FLSA)." (*Id.* at 2.) Plaintiff alleges that this misclassification has caused him to suffer various forms of financial harm, including "[n]on payment by Defendant of unemployment insurance, social security taxes, wages, and overtime pay" and forcing Plaintiff "to wrongfully pay for

equipment, diesel, insurance and IFTA taxes." (*Id.* at 2-3.) Additionally, in the portion of the FAC entitled "General Civil," Plaintiff alleges that on November 28, 2023, Defendant "deprived [him] of several thousands of dollars of personal items and truck 242056. The personal items in truck 242056 included a Tempurpedic twin size mattress ($1,800), Benelli M4 Tactical shotgun ($2,500), a Sig Sau[e]r P22 pistol ($500), Xbox Series X ($400), A Sony A7c camera kit ($1,800), and a Sony 20mm camera lens ($800), among other things." (*Id.* at 3.) As relief, Plaintiff seeks: (1) "A Temporary Restraining Order"; and (2) "[I]njunctive relief for, monetary damages, and return of property." (*Id.* at 3.)

On January 4, 2024, a few days before filing the FAC, Plaintiff filed one of the motions now pending before the Court—a motion for preliminary injunction. (Doc. 12.)[1]

On February 29, 2024, after obtaining an extension of the response deadline, Defendant filed a response in opposition to the preliminary injunction motion. (Doc. 24.)

That same day, Defendant filed the other motion now pending before the Court—a motion to compel arbitration. (Doc. 25.)

Pursuant to LRCiv 7.2(c), the deadline for Plaintiff to respond to Defendant's motion to compel arbitration was March 14, 2024. That deadline has now expired and Plaintiff did not file a response.

Pursuant to the parties' stipulation, the deadline for Plaintiff to file a reply in support of his motion for preliminary injunction was March 30, 2024. (Doc. 23.) That deadline has now expired and Plaintiff did not file a reply.

**DISCUSSION**

I.  Plaintiff's Motion For Preliminary Injunction

    A.  **Legal Standard**

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal quotation marks omitted).

---

[1] Although Plaintiff requests a hearing, Plaintiff also "believes the motion can be determined on the pleadings alone." (Doc. 12 at 1.) The Court agrees and therefore declines to hold oral argument or a hearing. *See* LRCiv 7.2(f).

*See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. However, "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quotation and emphasis omitted). Under this serious-questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072. Regardless of which standard applies, the movant "carries the burden of proof on each element of the test." *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

"A mandatory injunction orders a responsible party to take action," while "[a] prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (internal quotations and alteration omitted). "[M]andatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id*. at 879 (quotation omitted).

B.  **The Parties' Arguments**

Plaintiff's overarching argument is that "Defendant Swift and the other trucking companies under its control are causing irreparable harm to the individuals who are wrongly being misclassified as independent contractors (IC). Defendant Swift is causing irreparable harm to the State of Arizona, the United States Government, and the citizens [of] which Swift is denying tax revenue." (Doc. 12 at 2.) Plaintiff contends that, "[t]o

1  make matters worse, if an IC cannot make the truck payments, Defendant Swift seizes the
2  truck, along with any equity built up, and then sells this truck to another unsuspecting
3  victim." (*Id.* at 3.) Plaintiff concludes that he is entitled to a preliminary injunction because
4  "forcing compliance with the law is in the benefit of the public interest" and because he is
5  likely to succeed on the merits of his claims. (*Id.* at 3-5.) Plaintiff then elaborates, at
6  length, on his arguments regarding a likelihood of success on the merits. (*Id.* at 6-17.)
7  Finally, Plaintiff attaches a declaration intended to provide additional support for his
8  claims. (*Id.* at 18-20.) In his proposed order, Plaintiff asks the Court to order Defendant
9  to (1-2) immediately return his personal belongings; (3) reimburse him for certain expenses
10 "such as diesel, truck payments, and insurance payments, that [he] was not required to pay
11 . . . as an employee"; (4) pay all outstanding "local, state and federal taxes owed . . . by
12 Swift as an employer of Plaintiff"; (5) "no longer hire and misclassify any employee as an
13 independent contractor"; (6) "not operate any employee who is wrongfully classified as an
14 independent contractor"; (7) "determine which current employees have been wrongfully
15 classified as independent contractors and co[n]vert them to employees"; (8) "pay all local,
16 state and federal taxes" associated with misclassified current employees; and (9)
17 "reimburse all current employees wrongfully classified as independent contractors" for
18 expenses such as diesel, truck, and insurance payments. (*Id.* at 21.)

19        Defendant opposes Plaintiff's motion. (Doc. 24.) First, Defendant offers an
20 extensive discussion of why Plaintiff is unlikely to succeed on the merits of his
21 misclassification claim. (*Id.* at 2-8.) Second, Defendant argues that Plaintiff has not
22 established a likelihood of irreparable harm in the absence of injunctive relief because he
23 "seeks monetary damages and relief that is either unnecessary or not relevant to his specific
24 claims, none of which would save him from irreparable harm." (*Id.* at 8-9.) Additionally,
25 as for Plaintiff's property, Defendant asserts that it "has informed Plaintiff multiple times
26 that he can retrieve his belongings at any time from his home terminal in Memphis,
27 Tennessee, where he left those belongings. Indeed, Plaintiff informed Swift that he would
28 be returning to Memphis to retrieve his belongings, but thus far he has failed to do so.

Plaintiff's belongings remain in storage at Swift's Memphis terminal, and no order is necessary to allow Plaintiff to retrieve those belongings." (*Id.* at 9.) Defendant also provides a declaration from Ronnie Rushing, "the terminal leader for [Defendant's] Memphis terminal," to substantiate those assertions. (Doc. 24-1.) Finally, Defendant argues that the balance of equities and public interest do not favor injunctive relief. (Doc. 24 at 9-11.) Defendant adds: "Plaintiff's . . . Motion does not seek to maintain the status quo, but instead requests relief that would upend the business of Swift and thousands of independent contractors with which Swift does business. Such relief is not needed to maintain the status quo during the pendency of the parties' dispute." (*Id.* at 11.)

As noted, Plaintiff did not file a reply.

C. **Discussion**

Plaintiff has not met his heavy burden of establishing an entitlement to a preliminary injunction. Although much of the parties' briefing focuses on whether Plaintiff has demonstrated a likelihood of success on the merits, it is unnecessary to address that factor in light of Plaintiff's failure to establish a likelihood of irreparable harm in the absence of preliminary injunctive relief. The only specific categories of relief sought in the FAC are "monetary damages" and "return of property." (Doc. 14 at 3.)[2] Plaintiff would not suffer irreparable harm if forced to wait until the conclusion of this action to obtain those types of relief. *See, e.g., Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 851 (9th Cir. 1985) ("[E]conomic injury alone is not considered irreparable."); *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984) ("Mere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."). Additionally, Defendant has come forward with unrebutted evidence establishing that Plaintiff does not need an injunction to obtain the return of his property. Finally, to the extent Plaintiff's proposed order seeks additional forms of relief beyond those sought in the FAC, such as remedying alleged harms suffered

---

[2] The prayer for relief in the FAC also requests "[a] Temporary Restraining Order" and "injunctive relief" (Doc. 14 at 3), but those are procedural mechanisms for seeking relief.

by non-parties by requiring Defendant to reclassify other workers and\or provide compensation to other workers, those requests fail for two related reasons: (1) a preliminary injunction may not "reach[] beyond the scope of the complaint," *Church of Holy Light of Queen v. Holder*, 443 F. App'x 302, 303 (9th Cir. 2011); and (2) "[t]o the extent that irreparable injury is required for the issuance of a preliminary injunction, that injury must be suffered by a party seeking relief." *Colorado River Indian Tribes*, 776 F.2d at 850. *See also Meinhold v. U.S. Dept. of Defense*, 34 F.3d 1469, 1480 (9th Cir. 1994) ("This is not a class action, and Meinhold sought only to have his discharge voided and to be reinstated . . . [so] DOD should not be constrained from applying its regulations to Meinhold and all other military personnel. Accordingly, the injunction is vacated except to the extent it enjoins DOD from discharging Meinhold due solely to the statement that he made.").

II.   Defendant's Motion To Compel Arbitration

Defendant seeks to compel arbitration pursuant to an arbitration clause in the parties' contract. (Doc. 25, citing Doc. 12-1 at 19-20.)

Although Plaintiff may have had colorable grounds for opposing the arbitration request—Defendant "concedes that if Plaintiff was an employee, he would not be subject to arbitration under Arizona's Arbitration Act" (Doc. 25 at 4)—Plaintiff did not, for whatever reason, oppose or otherwise respond to Defendant's motion, and the time to respond has expired. Plaintiff also failed to file a reply in support of his motion for preliminary injunction, which suggests he may have abandoned his interest in pursuing this action. At any rate, LRCiv 7.2(i) provides that when an "unrepresented party . . . does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." In a "Notice to Pro-Se Non-Prisoner Parties Representing Themselves" issued at the outset of this action, Plaintiff was expressly advised of this rule and the potential consequences of violating it. (Doc. 8 at 5 ["If you DO NOT respond to a motion within the requirements of the local Rules, the Court may assume consent to the denial or granting of the motion and may dispose of the motion summarily under Local Rule of Civil

Procedure 7.2(i)."].) Accordingly, Defendant's motion to compel arbitration is summarily granted. *See, e.g., Anaya v. Brown & Brown Nissan Inc.*, 2015 WL 12830403, *1 (D. Ariz. 2015) (summarily granting motion to compel arbitration where plaintiff failed to respond); *Charles M. Brewer Ltd. Restated Pension Plan v. Reish Luftman McDaniel & Reicher PC*, 2012 WL 129808, *2 (D. Ariz. 2012) (same).

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion for preliminary injunction (Doc. 12) is **denied**.

2. Defendant's motion to compel arbitration (Doc. 25) is **granted**. Plaintiff must arbitrate his claims against Defendant in accordance with the terms of the parties' arbitration agreement.

3. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 3rd day of April, 2024.

Dominic W. Lanza
United States District Judge